**The STATE of Ohio, Appellee,**

**v.**

**O'NEIL, Appellant.**

[Cite as *State v. O'Neil* (1995), 107 Ohio App.3d 557.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–94–362.

Decided Dec. 1, 1995.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, *Stewart Jones* and *Joseph Solomon,* Assistant Prosecuting Attorneys, for appellee.

*Jonathan Cherry,* for appellant.

*Per Curiam.*

This case, an appeal from the Lucas County Court of Common Pleas, presents a single question. What evidence is sufficient to prove the identity of the defendant in establishing a specification of conviction of a prior offense.

The facts in this case are fairly simple. Defendant Duane O'Neil was arrested in 1994 and charged with aggravated burglary. There was also a specification of a prior offense. The case was tried to a jury on the aggravated burglary charge with the specification to be decided separately by the court. The jury found the defendant guilty of the lesser included offense of burglary.

At the hearing on the specification, the state presented the testimony of Officer Gray of the Scientific Investigations Unit. He authenticated four state's exhibits. Exhibit No. 2 was a copy of the booking sheet and exhibit No. 5 was a photograph arising out of defendant's arrest on August 24, 1994. Exhibit No. 3 was a copy of the booking sheet and exhibit No. 4 was a photograph relating to

defendant's arrest on May 13, 1984 for aggravated burglary. Gray testified that the right thumb fingerprint on both booking sheets were the same. The state then offered exhibit No. 1, a certified copy of the docket sheet in criminal case No. CR–84–6215, *State of Ohio v. Duane O'Neil.* The docket sheet showed that the defendant in that case, also Duane O'Neil, was indicted for aggravated burglary on July 13, 1984, entered a guilty plea to a reduced charge of attempted burglary, and was sentenced on October 9, 1984. On cross-examination, Gray testified that there was no way to correlate the booking number with the court case number.

The court admitted the exhibits, found that the state had proved the specification beyond a reasonable doubt, and sentenced defendant. O'Neil appeals, designating one claim of error:

"The trial court erred in finding that the State had proved beyond a reasonable doubt the specification alleging that defendant had been previously convicted of or pleaded guilty to attempted burglary, an aggravated felony of the third degree."

There is no question that a prior offense in a specification must be proved beyond a reasonable doubt. The Supreme Court, in *State v. Gordon* (1971), 28 Ohio St.2d 45, 57 O.O.2d 180, 276 N.E.2d 243, held:

"The state must be put to its proof regarding the *identity* of the accused in the prior offense and must demonstrate the fact of such prior offense beyond a reasonable doubt. The jury must then find that fact to be established and also convict the defendant of the second violation in order for the court to impose the greater punishment." (Emphasis added.) *Id.* at 48, 57 O.O.2d at 182, 276 N.E.2d at 245.

R.C. 2945.75(B) provides that the state may prove a prior conviction by tendering a certified copy of the judgment entry of conviction "together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar."

Appellant concedes that it is clear that he was the one arrested in 1984 and again in 1994 as indicated on the booking sheets. He argues, however, that the evidence is insufficient because there is nothing in the record to establish his identity as the defendant in case No. CR–84–6215. Appellee argues that proof beyond a reasonable doubt can be established by circumstantial evidence. Appellee contends that there is sufficient evidence of identity because a trial judge in a specification hearing on a prior offense may, as any other trier of fact, make reasonable inferences from the evidence presented.

■ The standard of review to be used in this case is the sufficiency of the evidence. It has been said that the weight of the evidence standard and the sufficiency of evidence standard are synonymous, *e.g., Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685. There is, however, an important distinction on appellate review. The second paragraph of the syllabus in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, states:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"

■ Applying that standard we now turn to an examination of the evidence in this case. The state's proof of identification relies entirely on documentary evidence, especially exhibit No. 1, the certified judgment entry, and exhibit No. 3, the 1984 booking sheet. Officer Gray did not personally identify O'Neil and he testified that there was no way of identifying the court case number with the booking number.

We have reviewed these exhibits and find only two elements in common. One is, of course, the name, Duane O'Neil. The other is the number 12574671. This number appears on the booking sheet as "RID No. 12574671." On the certified copy of the journal entry, the number appears simply as "12574671," written by hand at the top of the page. There is probably some connection between these numbers, but there is nothing in the record to indicate what that connection might be. Counsel for the state mentioned the RID number at oral argument, but could not say what the RID number means. In any event, this court is bound to review this case solely on what is in the record and we can find nothing in the record relating to this number.

Ultimately, the state's case rests almost entirely on the similarity of names in the two cases. The name, Duane O'Neil, is not rare and not common either, but a name alone is not sufficient to establish identity. Let us suppose, for example, that a man named Jim Smith is arrested for burglary in May. Let us further suppose that a certified judgment entry shows that a man named Jim Smith was indicted for burglary in July, and sentenced for burglary in October. Would anyone, without more proof, find beyond a reasonable doubt that the Jim Smith arrested in May was the same Jim Smith sentenced in October?

Names alone are not very reliable, and it appears that the legislature recognized the problem in adopting R.C. 2945.75(B), which speaks of "sufficient evidence to *identify* the defendant *named* in the entry." (Emphasis added.) The legislative intent was to require identity evidence, not merely name evidence.

We find that the evidence in this case is insufficient to establish the identity of appellant as the defendant in the 1984 case. The exhibits introduced by the state do tend to support its contention on the issue of identity, but they are not sufficient to compel that conclusion. Applying the *Jenks* standard of viewing the evidence most favorably toward the state, the most any reasonable person might infer is that the O'Neil in this case is probably the same O'Neil in the 1984 case. But "probably" does not reach proof beyond a reasonable doubt as set out in *State v. Gordon, supra,* nor does it reach the mandate of R.C. 2945.75(B) that there be sufficient evidence to identify the defendant named in the judgment entry as the defendant in the case being tried.

Based on the foregoing, the assignment of error is found to be well taken and is sustained. The judgment of the trial court is reversed, and this cause is remanded to the trial court for resentencing. It is ordered that appellee pay court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK and GREY, JJ., concur.

GLASSER, J., dissents.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.