OPINION
Appellant-defendant, Clarence W. Perkins, appeals his conviction, rendered in the Madison County Court of Common Pleas, for driving under the influence of alcohol ("DUI"), with three or more prior DUI convictions in the previous six years. We affirm.
On December 28, 1996, appellant was arrested for DUI in violation of 4511.19(A)(1).1 Due to three prior convictions for DUI, appellant was indicted for a fourth degree felony. See R.C. 4511.99(A)(4)(a). On May 16, 1997, appellant filed a motion to suppress any evidence from two of the prior convictions, both from the Franklin County Municipal Court. On June 25, 1997, the trial court overruled the motion to suppress. Following a trial by jury, appellant was convicted of fourth degree felony DUI on August 18, 1997. Appellant filed a timely notice of appeal and raises two assignments of error for our review.
In his first assignment of error, appellant argues that a September 2, 1993 conviction in the Franklin County Municipal Court, Case Number 93-118335 ("1993 conviction"), which resulted in four days of imprisonment, was obtained in violation of appellant's Sixth Amendment right to counsel. It is settled that, absent a valid waiver, a defendant is entitled to counsel when the conviction results in actual incarceration. Argersinger v. Hamlin (1972), 407 U.S. 25, 37, 92 S.Ct. 2006, 2012. When a defendant's right to counsel is violated, the defendant may collaterally attack an earlier conviction used to enhance a later offense. United States v. Tucker (1972), 404 U.S. 443, 450, 92 S.Ct. 589,593.2 Burgett v. Texas (1967), 389 U.S. 109, 115,88 S.Ct. 258, 262.
"When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of a constitutional infirmity." (Emphasis added.) State v. Adams (1988), 37 Ohio St.3d 295, 297.
The hearing on the motion to suppress occurred on June 18, 1997. Appellant did not present any testimony indicating the 1993 conviction was uncounseled. See Columbus v. Carrel (1990),70 Ohio App.3d 80, 82. Instead, appellant argues that a sentencing entry, dated September 2, 1993, establishes a prima facie case that appellant was convicted without the assistance of counsel. However, the sentencing entry does not require a signature of appellant or appellant's counsel. In fact, the entry gives absolutely no indication of whether appellant was represented by counsel. Since appellant failed to provide any evidence the 1993 conviction was uncounseled, the court was entitled to presume the 1993 conviction was counseled. State v. Brandon (1989), 45 Ohio St.3d 85,87.
Although unnecessary for our decision, we note that that evidence presented by appellee suggests the 1993 conviction was counseled. A May 10, 1993 misdemeanor arraignment entry, signed by appellant, indicates appellant was told of the right to counsel. Additionally, two notices from the Franklin County Municipal Court show that Dennis P. Evans, Esq. and Christopher J. Minnillo, Esq. were separately ordered to appear before Judge Richard H. Ferrell on September 2, 1993, the same date as the sentencing entry. The notices list the caption, State of Ohio v. Clarence Perkins, and case number, 93-118335.
Since appellant never presented a prima facie case of an uncounseled conviction, whether a proper waiver of counsel occurred is moot. Accordingly, the first assignment of error is overruled.
In appellant's second assignment of error, appellant collaterally attacks the legal sufficiency of the evidence from a January 13, 1992 DUI conviction. In a legal sufficiency claim, an appellate court must view the evidence in a light most favorable to the prosecution and determine whether any reasonable trier of fact could find that appellant committed the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273. As appellant correctly notes, the three prior driving under the influence convictions enhanced the degree of appellant's crime from a first degree misdemeanor to a fourth degree felony. R.C.4511.99(A)(4)- (a). Under those circumstances, each previous conviction is considered an essential element of the offense. State v. Henderson (1979), 58 Ohio St.2d 171, 173; State v. Day (1994), 99 Ohio App.3d 514, 517.
At trial, as State exhibit three, the state introduced a certified copy of a document resembling a docket sheet. The exhibit included the following information: "Perkins 91 case # 123497-1, Franklin County Municipal Court." The exhibit indicated a not guilty plea was given on December 2, 1991. A handwritten notation states as follows: "1-13-92 Guilty/$750+costs/suspend license for 90 days can seek occupational priv after 15 days/90 days suspend 86 providing completion of Mesa/probation for 1 year which terminates w/completion of Mesa/5 years PNC." Below the notation, there is a signature. By affidavit, a deputy clerk of the Franklin County Municipal Court, indicates the signature was given by a Judge Miller, signing for Judge Guy Reece.
Exhibit four, a ticket issued to appellant on November 27, 1991, indicates appellant's name, address, height, weight, eye color and date of birth. The ticket provides appellant's social security number, 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, and lists a case number of 123497, the same number listed in exhibit three. The ticket required appellant to appear in court on December 2, 1991, the same day "Perkins" plead not guilty.
Exhibit five is a ticket issued on May 9, 1993 for driving under the influence of alcohol. This ticket has the same name, address, social security number, height, weight, eye color and date of birth as exhibit four. At trial, the state presented testimony regarding the May 9, 1993 arrest from the arresting officer, Jeffrey Dale Wallace, a sergeant with the Grove City Police Department. The officer identified appellant as the person he stopped on May 9, 1993. Also, the state presented a certified copy of the sentencing entry signed by the trial judge on September 2, 1993.
Next, the state presented testimony regarding the DUI arrest of appellant on December 10, 1995. Elizabeth Ann Connell, a trooper with the Ohio Highway Patrol, identified appellant as the person she stopped and arrested for DUI. The citation, exhibit eight, included the same name, address, social security number, date of birth, eye color, height, weight and date of birth as the May 9, 1993 and November 27, 1991 tickets.
Finally, Ryan Dean, also a trooper with the Ohio Highway Patrol, testified about appellant's December 28, 1996 DUI arrest. After stopping appellant for speeding, Dean determined that appellant had been driving under the influence and issued a ticket for the offense. Ryan testified that the ticket has the same social security number, date of birth, address and description as the November 27, 1991, May 9, 1993 and December 10, 1995 citations.
Appellant contends that exhibit three is inadequate to prove a DUI conviction and to identify appellant as "Perkins". One method for proving a prior conviction, although not the exclusive one, is complying with the requirements of R.C. 2945.75(B):
 Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction. (Emphasis added.)
Crim.R. 32(B) codifies the requirements for a judgment entry and states that:
 A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.
The state concedes that exhibit three does not meet the strict requirements of Crim.R. 32(B). See State v. Ginocchio (1987),38 Ohio App.3d 105, 106. Therefore, R.C. 2945.75(B) cannot be used to prove appellant was convicted of DUI on January 13, 1992. However, this court has held that R.C. 2945.75(B) is not the exclusive method for proving a prior conviction. State v. Chaney (June 1, 1998), Clermont App. No. CA97-11-097, unreported, at 8-9; State v. Smith (Sept. 24, 1990), Clermont App. No. CA89-12-105, unreported, at 3. We noted that R.C. 2945.75(B) "merely codified existing practice" and "describes one method to prove a prior conviction." Smith, at 3. Indeed, this court has ruled that a prior conviction can be proved even when a certified copy of a judgment entry was never entered into evidence. State v. Matheny (Mar. 21, 1988), Preble App. No. CA87-09-025, unreported, at 10. The determining factor becomes whether "other evidence" exits to identify appellant as the person convicted. Id.
The state presented testimony from three different officers responsible for the two other prior convictions as well as the June 28, 1996 arrest. All three officers identified appellant as the one issued a ticket and arrested for DUI. The three other tickets contain the same name, social security number and description as the November 27, 1991 ticket.
The November 27, 1991 ticket has the same case number as exhibit three, which shows that "Perkins" pled not guilty on December 1, 1991 in Franklin County Municipal Court. The November 27, 1991 ticket required appellant to appear in court on that same date, December 1, 1991. Finally, Attorney Charles J. Blum was noticed to appear in a pre-trial hearing on January 13, 1992, the same day "Perkins" pled guilty. The notice lists the same case number, 91-123497, and is captioned City of Columbus v. Clarence W. Perkins. The evidence leads inexorably to the conclusion that the "Perkins" convicted of DUI in state exhibit three is appellant.3
The totality of the record supports the trial court's conclusion that appellant was convicted of driving under the influence of alcohol in Franklin County Municipal Court on January 13, 1992. See Jenks, 61 Ohio St.3d at 273. The second assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.
1 Appellant was also indicted for violating R.C. 4511.19(A)(3), but that count was dismissed.
2 The United States Supreme Court has held that the right to counsel does not exist without a sentence of actual incarceration. Scott v. Illinois (1979), 440 U.S. 367, 373-74,99 S.Ct. 1158, 1162. Further, a conviction valid under the Scott decision may be used to enhance the punishment in a subsequent conviction. Nichols v. United States (1994), 511 U.S. 738,748-49, 114 S.Ct. 1921, 1928, overruling Baldasar v. Illinois (1980), 446 U.S. 222, 100 S.Ct. 1585. Since appellant was incarcerated for the prior conviction at issue, appellant may still argue the prior conviction was uncounseled.
3 The evidence in this case is considerably stronger than in State v. O'Neil (1995), 107 Ohio App.3d 557, 560. In that case, the only evidence of identity was a name and "RIN number" on a judgment entry and booking sheet. At oral argument, counsel for the state could not even explain what a "RIN number" meant. Id.