DECISION AND JOURNAL ENTRY
James Hobbs appeals from his conviction in the Summit CountyCourt of Common Pleas, following a bench trial, on one count ofdomestic violence with a prior offense specification.[1] This court affirms.
On October 8, 1998, Hobbs was indicted on one count of felonious assault and one count of domestic violence stemming from an incident involving a physical altercation between Hobbs and his live-in girlfriend. Hobbs had a prior domestic violence conviction, pursuant to a no contest plea, in Barberton Municipal Court. Consequently, the current charge was enhanced from a first degree misdemeanor to a fifth degree felony. The case proceeded to a bench trial. The trial court acquitted Hobbs on the felonious assault charge but convicted him on the domestic violence charge. Hobbs was sentenced to twelve months of incarceration in a state correctional facility.
On direct appeal Hobbs assigns as error that he was deniedeffective assistance of trial counsel because counsel failed toassert that the prior conviction was uncounseled. Hobbs statesthat if the prior conviction was uncounseled it cannot be used asthe basis for the enhancement of the current offense. See Statev. Adams (1988), 37 Ohio St.3d 295, 297.
To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and prejudice resulting from that deficient performance. State v.Radcliff (May 3, 2000), Summit App. No. 19704, unreported, at 4-5, citing Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693. To establish prejudice, the defendant must demonstrate that it is reasonably probable that the professionally unreasonable performance caused him to lose what he otherwise would have won. Radcliffe, supra, at 5, citing United States v.Morrow (C.A.6 1992), 977 F.2d 222, 229, certiorari denied (1993),508 U.S. 975, 125 L.Ed.2d 668.
Hobbs claims that his trial counsel provided ineffective assistance because if counsel had pointed out that the prior conviction was uncounseled, the burden would have shifted to the prosecution to prove that the conviction was constitutionally sound. This court disagrees.
When a prior conviction is used to enhance the degree of the instant crime, the prior conviction is an element of the offense, which the prosecution must prove beyond a reasonable doubt. SeeState v. Gordon (1971), 28 Ohio St.2d 45, paragraph one of the syllabus. The state may establish a prior conviction by submitting a certified copy of the prior conviction and evidence establishing that the defendant was the person previously convicted. R.C. 2945.75(B); State v. O'Neil (1995), 107 Ohio App.3d 557,559.
However, a defendant may allege a constitutional infirmity inthe prior proceedings. A defendant may make a prima facie showingof a constitutional infirmity, by producing some evidence boththat he was not represented by counsel and that his waiver ofcounsel was not knowing and voluntary. Only if a defendant makesthis showing, will the burden shift to the prosecution to provethe constitutional validity of the prior conviction. See State v.Carrion (1992), 84 Ohio App.3d 27, 31; Adams, 37 Ohio St.3d atparagraph two of the syllabus; State v. Brandon (1989), 45 Ohio St.3d 85,at the syllabus; State v. Hopkins (Mar. 1, 2000), Lorain App. No. 98CA007159, unreported, at 3-5.
As noted above, the prior conviction is presumed to be constitutionally sound unless Hobbs was without counsel and he did not knowingly waive his right to counsel. Without some evidence going to both these elements, the burden does not shift to the prosecution to prove otherwise. Even assuming that the judgment entry of Hobbs' prior conviction clearly establishes that Hobbs was not represented by counsel at the time of his prior conviction, it is not clear from the record that Hobbs did not knowingly waive his right to counsel. Hobbs argues that because he had no counsel in the prior case, he clearly could not have knowingly waived his right to representation by counsel. This court disagrees. Without some evidence to the contrary, this court must presume the regularity of the proceedings in the prior case. Hopkins, supra, Lorain App. No. 98CA007159, at 4, citingBrandon, 45 Ohio St.3d at 88, and State v. Ocepek (Apr. 15, 1998), Summit App. No. 18542, unreported, at 4
To find that his prior counsel was ineffective, this court would have to have some evidence that (1) Hobbs did not knowingly waive counsel in the prior case, and that either (2) his trial counsel in the instant case failed to discuss the issue with Hobbs, or (3) after discussion with counsel, Hobbs wanted the issue of the prior conviction raised to the trial court but his counsel failed to do so. There is nothing in the record before this court to enable us to determine any of these three elements. The mere fact that trial counsel did not raise this issue in the instant case is not sufficient to allow this court to conclude that trial counsel's performance was professionally unreasonable.
On direct appeal, this court is limited to a review of facts contained in the record. Radcliffe, supra, Summit App. No. 19704, unreported, at 11; App.R. 12. "When the determination cannot be made without reference to facts outside the record, `the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21.'"Radcliffe, supra, at 5, quoting State v. Cooperrider (1983),4 Ohio St.3d 226, 228.
This court cannot conclude from the record before us that Hobbs was denied effective assistance of counsel. Therefore, this court affirms the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
WILLIAM R. BAIRD FOR THE COURT BATCHELDER, P.J.
SLABY, J., CONCUR.
[1] Both Hobbs' trial counsel and his appellate counsel filed an appeal with this court. The two appeals were consolidated by this court, since they arise out of the same judgment entry.