DECISION AND JUDGMENT ENTRY
On October 16, 1999, appellant Israel B. Greene, aka Israel B. Greene, was arrested for allegedly striking Mary Jones. Appellant was initially charged with misdemeanor domestic violence. When it was discovered that appellant had a prior domestic violence conviction, the matter was submitted to the Sandusky County Grand Jury. There, appellant was indicted for felony domestic violence in violation of R.C. 2919.25(A). The indictment specified a prior conviction, pursuant to R.C. 2919.25(D).
Before a jury, appellant was tried and convicted as charged. He was sentenced to a one year term of imprisonment. Appellant now brings this appeal.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
Appellant sets forth two assignments of error. Both challenge the sufficiency of the evidence by which the state proved his prior conviction and status as a "family or household member." At trial, the state submitted a certified copy of Fremont Municipal Court documents showing a 1996 domestic violence conviction for Israel [sic] B. Greene. The state also entered into evidence a certified 1997 judgment by the Sandusky County Court of Common Pleas, Juvenile Division, establishing "Israel Greene aka Israel Davis" as the father of Mary Jones's child. If these documents are sufficient evidence, they would establish appellant's prior conviction and satisfy R.C. 2919.25(E)(1)(b), qualifying appellant as a "family or household member."
Citing our State v. O'Neil (1995), 107 Ohio App.3d 557, appellant argues that the certified documents fail to establish the identity of appellant as the Israel/Israel B. Greene to whom these documents refer. In O'Neil, we held that merely because a defendant's name and an unexplained number was the same in a certified judgment entry and booking entry it was insufficient, as a matter of law, to establish a prior conviction.
 "Names alone are not too reliable, and it appears the legislature recognized the problem in adopting R.C. 2945.75(B) which speaks of `* * * sufficient evidence to identify the defendant named in the entry * * *.' The legislative intent was to require identity evidence, not merely name evidence." Id. at 561.
While Israel or Israel Greene may not be as common a name as Duane O'Neil, we need not determine whether a unique name is sufficient. The judgment of prior conviction, judgment of paternity, indictment in this matter and sentencing entry all contain the identical birthdate, "10-6-77." Each also contains an identical social security number for appellant. Since the social security number is a unique identifier, this, along with the common birth dates, is evidence by which a jury could conclude that the identity of the person to whom these documents refer is the same.
Accordingly, both of appellant's assignments of error are not well-taken.
On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.