OPINION
{¶ 1} Defendant-appellant, Jimmy L. Lumpkin, appeals from the judgment of the Franklin County Court of Common Pleas, convicting him of discharging a firearm at or into a habitation, with a firearm specification, and having a weapon while under disability. For the following reasons, we affirm.
 {¶ 2} The facts of this case are undisputed. Appellant and Brett Kelly Housley ("Kelly") were friends and neighbors at a trailer park in Columbus. On December 30, 2004, appellant offered Kelly $40 to fix frozen pipes in his trailer. Appellant paid Kelly, but after Kelly fixed four of the five pipes requiring repair, appellant told Kelly he had found someone else to repair the pipes for $20 and demanded his money back. A disagreement ensued, and Kelly returned to his trailer, telling appellant to call him after he calmed down. Kelly changed clothes and, after a few minutes, heard appellant calling him. When Kelly opened his front door, appellant, who was standing at the corner of his own trailer, fired a shot, striking Kelly's trailer a short distance from the door.
 {¶ 3} On January 7, 2005, the Franklin County Grand Jury returned a four-count indictment, charging appellant with: attempted murder with a firearm specification, in violation of R.C. 2923.02; felonious assault with a firearm specification, in violation of R.C. 2903.11; discharging a firearm at or into a habitation with a firearm specification, in violation of R.C.2923.161; and having a weapon while under disability, in violation of R.C. 2923.13. Appellant pled not guilty and elected a bench trial on the weapon under disability charge and a jury trial on the remaining charges.
 {¶ 4} On April 19, 2005, a jury found appellant guilty of discharging a firearm at or into a habitation, with a firearm specification, and not guilty of attempted murder and felonious assault. The trial court found appellant guilty of having a weapon while under disability. On June 2, 2005, the trial court sentenced appellant to concurrent five-year prison terms on the two counts for which he was convicted, to be served consecutive to three years of actual imprisonment on the firearm specification.
 {¶ 5} Appellant timely appealed and asserts the following assignments of error:
1. The trial court erred in admitting State's Exhibit 10 to establish the fact of a legal disability.
2. The conviction for having a weapon under disability was not supported by sufficient evidence.
3. The conviction for having a weapon under disability was against the manifest weight of the evidence.
 {¶ 6} Appellant does not challenge his conviction for discharging a firearm at or into a habitation. Rather, his assignments of error relate exclusively to his conviction for having a weapon while under disability. R.C. 2923.13 provides:
(A) Unless relieved from disability as provided in section2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
* * *
(2) The person is under indictment for or has been convicted of any felony offense of violence * * *.
* * *
(B) Whoever violates this section is guilty of having weapons while under disability, a felony of the third degree.
As set forth in the indictment, the state asserted that appellant had previously been convicted of a felony offense of violence in Tennessee.
 {¶ 7} In R.C. 2901.01(A)(9), the General Assembly defines an "offense of violence," in pertinent part, as: "(a) A violation of section * * * 2911.01 * * *; (b) A violation of an existing or former * * * law of this or any other state * * *, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section[.]"
 {¶ 8} The state argued that appellant had a previous Tennessee conviction for robbery with a deadly weapon, a felony substantially equivalent to aggravated robbery, as defined in R.C. 2911.01.[1] Based on his prior conviction, the state argued that appellant was guilty of having a weapon while under disability pursuant to R.C. 2923.13(A)(2). As proof of appellant's prior conviction, the state submitted certified records from the Thirtieth Judicial District Court at Memphis, Shelby County, Tennessee reflecting that a Jimmy Lee Lumpkin was convicted of robbery with a deadly weapon on November 3, 1989, for a January 23, 1989 offense.
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred in admitting Exhibit 10, the certified Tennessee records, to establish a legal disability. Appellant's counsel did not dispute the authenticity of the Tennessee records, but argued that the records failed to demonstrate that appellant was the Jimmy Lee Lumpkin convicted in Tennessee. The trial court admitted Exhibit 10 over appellant's objection, stating that the objection "goes to the outcome of the ultimate charge more than it goes to the admissibility of these particular pieces of paper[.]" (Tr. at 191.) We find no error in the trial court's admission of Exhibit 10.
 {¶ 10} The decision to admit or exclude relevant evidence rests primarily within the trial court's discretion. State v.Sage (1987), 31 Ohio St.3d 173, 180. An appellate court reviews a trial court's decision to admit or exclude evidence for abuse of discretion. State v. Mardis (1999), 134 Ohio App.3d 6, 20. To find that a trial court abused its discretion in the admission of evidence, the record must demonstrate that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 11} R.C. 2945.75(B) governs proof of a prior conviction and clearly anticipates admission of certified judgment entries for that purpose. R.C. 2945.75(B) provides that, "[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." Thus, to prove a prior conviction under R.C. 2945.75(B), the state must present both a certified copy of the prior judgment and evidence that the defendant named in the prior judgment is the defendant in the case at bar. Appellant's argument regarding the admissibility of Exhibit 10 relates to the second requirement under R.C. 2945.75(B), but does not affect the admissibility of the Tennessee records. R.C. 2945.75(B) relates to sufficiency of evidence required to prove a prior conviction, not to the admissibility of such evidence. State v. Newton
(June 19, 1984), Auglaize App. No. 2-83-20.
 {¶ 12} Appellant does not argue that the certified Tennessee records were improperly authenticated. Appellant's counsel conceded that Exhibit 10 is a record from Tennessee, which evidences the conviction of a Jimmy Lee Lumpkin. While we agree with appellant's argument that the Tennessee records, in and of themselves, did not establish his identity as the defendant therein, his argument does not speak to the admissibility of the Tennessee records. Even if appellant were correct that the state failed to establish his identity as the Tennessee defendant, he has not demonstrated error in the trial court's admission of the Tennessee records to satisfy the first requirement under R.C.2945.75(B). Thus, we conclude that the trial court did not abuse its discretion in admitting Exhibit 10, and we overrule appellant's first assignment of error.
 {¶ 13} By his second and third assignments of error, appellant argues that his conviction for having a weapon while under disability was not supported by sufficient evidence and was against the manifest weight of the evidence. Because those assignments of error are related, we address them together. An appeal challenging the sufficiency of the evidence tests whether the evidence introduced at trial is legally sufficient to support a verdict as a matter of law. State v. Thompkins (1997),78 Ohio St.3d 380, 386, superceded by constitutional amendment on other grounds as stated in State v. Smith (1997),80 Ohio St.3d 89. When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted to determine whether, if believed, it would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, superceded by constitutional amendment on other grounds as stated in Smith.
The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 14} The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test for whether there is sufficient evidence to support the conviction. An appellate court's function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. Thompkins at 387. We sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983),20 Ohio App.3d 172, 175. We will not reverse a conviction as long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy (1998),84 Ohio St.3d 180, 193-194, citing State v. Eley (1978),56 Ohio St.2d 169, syllabus.
 {¶ 15} Appellant's arguments stem from his contention that the state failed to prove that he was the defendant named in the Tennessee judgment entry and, thus, that he had been convicted of a felony offense of violence, as required to support his conviction for having a weapon while under disability. Where, as here, the existence of a prior offense is an element of a subsequent crime, the state must prove the prior conviction beyond a reasonable doubt. State v. Blonski (1997),125 Ohio App.3d 103, 108-109, discretionary appeal not allowed (1998),81 Ohio St.3d 1521. In accordance with R.C. 2945.75(B), the state must present "additional evidence, besides a certified copy of a judgment entry, * * * to prove a prior conviction of an accused beyond a reasonable doubt." State v. McCoy (1993),89 Ohio App.3d 479, 483. Thus, although the state presented a certified copy of the Tennessee judgment entry, showing that a Jimmy Lee Lumpkin was convicted of robbery with a deadly weapon, the state was required to prove that appellant is the individual named in the Tennessee judgment. See Blonski at 109.
 {¶ 16} Ohio appellate courts that have examined the requirements for proving identity under R.C. 2945.75(B) have concluded that identical names alone are insufficient to establish the requisite connection between a defendant and a previous conviction. See State v. O'Neil (1995),107 Ohio App.3d 557; Newton. In O'Neil, the state's proof of identity relied on a certified judgment entry and booking sheet relating to the alleged prior conviction. The only elements in common between those exhibits were the defendant's name and the number 12574671. The record did not disclose the connection between the common numbers and, at oral argument, counsel for the state could not say what the numbers meant. Thus, the Sixth District Court of Appeals stated that the state's case rested almost entirely on the similarity of names in the two cases and concluded that "a name alone is not sufficient to establish identity." O'Neil at 560. The court stated:
Names alone are not very reliable, and it appears that the legislature recognized the problem in adopting R.C. 2945.75(B), which speaks of "sufficient evidence to identify the defendantnamed in the entry." (Emphasis added.) The legislative intent was to require identity evidence, not merely name evidence.
Id. at 561. Thus, the court held that the state's evidence was insufficient to establish the appellant's identity as the defendant in the prior case.
 {¶ 17} In State v. Greene (Dec. 14, 2001), Sandusky App. No. S-01-015, the Sixth District Court of Appeals revisited the issue of the evidence necessary to establish identity under R.C.2945.75(B). There, in a domestic violence prosecution, the state submitted a certified copy of a 1996 domestic violence conviction for Israel B. Green and a certified judgment establishing "Israel Greene aka Israel Davis" as the father of the victim's child. The court acknowledged the O'Neil holding, but stated that the documents before it contained identical names, birth dates, and social security numbers for the appellant. The court held that "[s]ince the social security number is a unique identifier, this, along with the common birth dates, is evidence by which a jury could conclude that the identity of the person to whom these documents refer is the same." Id. Similarly, the Fourth District Court of Appeals has held that sufficient evidence of identity existed where the state's evidence included a prior judgment entry with the appellant's name, a photograph that resembled appellant, and corresponding inmate and offender numbers. SeeState v. Lewis (Dec. 15, 2000), Ross App. No. 99CA2523.
 {¶ 18} We now turn to the evidence presented at trial with respect to appellant's identity as the Tennessee defendant. The state presented documentary evidence, authenticated by Detective James Day's testimony, to prove that appellant was the defendant named in the Tennessee records. The state submitted a printout of appellant's prior criminal history from the Ohio Bureau of Criminal Identification and Investigation ("BCI report") that Detective Day obtained in his investigation of the instant offense and a copy of the slate sheet printed when appellant was processed into the Franklin County jail. The state also submitted the criminal complaint filed in Franklin County Municipal Court in this matter and a Columbus police identification photo of appellant.
 {¶ 19} Exhibits 11 through 13 identify appellant as Jimmy Lee Lumpkin, a black male, with a birth date of June 5, 1970. Likewise, the Tennessee records identify the defendant there as Jimmy Lee Lumpkin, a black male, with a birth date of June 5, 1970. Thus, at a minimum, the evidence demonstrates a common name, race, sex, and birth date between the Tennessee defendant and appellant here. However, the record also contains additional evidence that appellant is the defendant named in the Tennessee records.
 {¶ 20} The BCI report and Columbus police identification photo identify appellant with FBI number 84828HA3. The BCI report includes a criminal history record based on that FBI number, which identifies the subject as Jimmy Lee Lumpkin. The BCI report identifies six other names, four social security numbers (including the social security number that appears on the Tennessee judgment), and three dates of birth (including June 5, 1970) that appellant has used. Additionally, based on his FBI number, the criminal history indicates that the Memphis sheriff's office arrested appellant in Tennessee on January 24, 1989, and charged him with robbery with a deadly weapon. The Tennessee judgment indicates that the offense to which the conviction relates occurred on January 23, 1989, the day before appellant's arrest in Tennessee for the same charge. The BCI report states that all arrests listed therein "are based on fingerprint comparisons and pertain to the same individual."
 {¶ 21} Appellant bases his argument regarding the sufficiency and weight of the evidence on the fact that the social security number listed for the defendant on the Tennessee judgment entry differs by one digit from the social security number on the municipal court complaint and the Columbus police identification photo. The municipal court complaint and Columbus police identification photo list the last four digits of appellant's social security number as 8617, whereas the Tennessee judgment entry lists the last four digits of defendant's social security number as 8619. Appellant argues that, because of the inconsistencies between the social security number on the Tennessee judgment entry and other documents, the state did not provide sufficient evidence to identify him as the defendant in the Tennessee records. We disagree.
 {¶ 22} Despite the inconsistencies between the social security numbers, the Columbus police identification photo lists appellant's FBI number as 848284HA3. That FBI number is consistent with the FBI number BCI used to process the criminal history in the BCI report, indicating that appellant has used the social security number listed on the Tennessee records. Using that FBI number, the BCI report also lists appellant's January 1989 arrest in Tennessee for robbery with a deadly weapon.
 {¶ 23} While the social security numbers differ between the Tennessee records and the municipal court complaint and Columbus police identification photo, the record contained sufficient evidence from which the trier of fact could conclude, beyond a reasonable doubt, that appellant was the defendant named in the Tennessee judgment entry. The evidence demonstrates that, like appellant, the Tennessee defendant was a black male named Jimmy Lee Lumpkin, who was born on June 5, 1970. Moreover, the social security number set forth on the Tennessee judgment entry is a social security number that appellant has used, as established by the BCI report and criminal history, which were obtained using appellant's FBI number and fingerprint comparisons. Use of appellant's FBI number and fingerprint comparisons also revealed a Tennessee arrest for robbery with a deadly weapon in January 1989. After viewing such evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of having a weapon while under disability proven beyond a reasonable doubt. Accordingly, the state presented sufficient evidence that appellant is the defendant named in the certified Tennessee records, and we overrule appellant's second assignment of error.
 {¶ 24} Having reviewed the record and weighed the evidence and all reasonable inferences, we cannot find that the trial court, as trier of fact, clearly lost its way and created a manifest miscarriage of justice by finding appellant guilty of having a weapon while under disability. Based on the evidence presented, the trier of fact could reasonably find, beyond a reasonable doubt, that appellant was previously convicted of a felony offense of violence, as defined in R.C. 2901.01(A)(9). Therefore, appellant's conviction for having a weapon while under disability is not against the manifest weight of the evidence, and we overrule appellant's third assignment of error.
 {¶ 25} For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Sadler and McGrath, JJ., concur.
[1] Appellant did not dispute that the Tennessee offense of robbery with a deadly weapon is substantially equivalent to the Ohio offense of aggravated robbery under R.C. 2911.01.