[Cite as *State v. Umstead*, 2017-Ohio-8756.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 16 CA 004 |
| MATTHEW B. UMSTEAD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                             Pleas, Case Nos. 15CR106 and 16CR006


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 30, 2017


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

F. CHRISTOPHER OEHL                 CHRISTINA I. REIHELD
ASSISTANT PROSECUTOR                Post Office Box 532
164 East Jackson Street             Danville, Ohio  43014
Millersburg, Ohio  44654

*Wise, J.*

{¶1}    Subsequent to a reopening by this Court pursuant to App.R. 26(B), Defendant–Appellant Matthew B. Umstead further appeals from his conviction in the Court of Common Pleas, Holmes County, on several felony counts connected to the illegal manufacture of methamphetamine. Appellee is the State of Ohio. A brief summary of the relevant facts and procedural history leading to this appeal is as follows.

{¶2}    On November 23, 2015, Sgt. Timothy Stryker, a narcotics detective with the Holmes County Sheriff's Office, received information concerning a purchase of pseudoephedrine at a pharmacy in Shreve, Ohio. The purchaser was Donnie Spurlock, who was known by the detective to periodically stay at appellant's home in Holmesville, Ohio. After Sgt. Stryker conducted visual surveillance of appellant's residence, he received a second alert that Spurlock had also purchased pseudoephedrine at another store, this time at a pharmacy in Wooster, Ohio. At about 7:25 PM, Stryker and a fellow officer observed a fire in the back yard of appellant's residence. Stryker went toward the back of the residence and approached co-defendant Jason White, who was putting more items into the fire. A trash bag next to White was later found to contain used pseudoephedrine packs. Stryker also observed an odor of chemical coming from the fire and was able to see a pseudoephedrine box that had not caught fire yet.

{¶3}    Stryker decided to secure the property to get a search warrant. While he was walking on the property, he observed an odor he associated with the manufacturing of methamphetamine in the narrow area between the "man cave" (a shed behind the house) and the back of the detached garage. Shortly thereafter, back-up officers entered the garage.

{¶4} Spurlock in the meantime came out of the "man cave" and was cuffed by one of the deputies. Deputies then entered the man cave and discovered an active meth lab. The lab was dismantled. A search warrant was obtained for the property at about 10:25 PM. During execution of the warrant in the home, they found "baggies of a crystal-like white powdered" substance in a safe in appellant's bedroom. Tr. at 125.

{¶5} The powder was later analyzed by BCI and determined to be methamphetamine. Also, a gun was subsequently found in appellant's bedroom.

{¶6} The deputies took appellant into custody that evening, after White had gone into the house to get him. Stryker interviewed appellant on video at the Holmes County Jail at approximately 1:00 AM on November 24, 2015.

{¶7} Appellant was thereafter charged by joint indictments with at least eight felony counts stemming from the aforesaid investigatory activity. Following a pre-trial renumbering entry by the trial court, the counts were set forth as follows:

{¶8} Count 1—Illegal Manufacture of Drugs (R.C. 2925.04(A)); Count 2—Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs (R.C. 2925.041(A)); Count 3—Aggravated Possession of Drugs (R.C. 2925.11(A)); Count 4—Tampering with Evidence (R.C. 2921.12(A)(1)); Count 5—Endangering Children (R.C. 2919.22(B)(6)); Count 6—Endangering Children (R.C. 2919.22(B)(6)); Count 7—Having Weapons while Under Disability (R.C. 2923.13(A)(2)); and Count 8—Aggravated Possession of Drugs (R.C. 2925.11(A)).

{¶9} The matter proceeded to a jury trial on April 7 and 8, 2016. Appellant was ultimately found guilty of all eight counts; however, he was found not guilty of the firearm

specifications as alleged on four of the counts. Via a judgment entry issued on April 11, 2016, appellant was sentenced *inter alia* to a prison term of sixteen years and six months.

**{¶10}** On May 9, 2016, appellant filed a notice of appeal. In his brief, he raised assignments of error as to the sufficiency and manifest weight of the evidence, the trial court's denial of his motion to acquit under Crim.R. 29(A), and the effectiveness of his trial counsel.

**{¶11}** We affirmed appellant's convictions via an opinion issued on February 24, 2017. *See State v. Umstead*, 5th Dist. Holmes No. 16 CA 004, 2017-Ohio-698, *appeal not allowed,* 149 Ohio St.3d 1465, 2017-Ohio-5699, 77 N.E.3d 989 (2017).

**{¶12}** On April 12, 2017, appellant filed a *pro se* application to reopen his appeal, pursuant to App.R. 26(B). The State of Ohio did not file a response.

**{¶13}** On July 24, 2017, this Court reopened the appeal, limiting appellant to two of his proposed assignments of error. These were (1) the claim that the evidence was insufficient to sustain appellant's conviction for having weapons under disability and (2) the claim that trial counsel had been ineffective in failing to challenge the testimony of State's expert Stephanie Laux in light of Crim.R 16(K).

**{¶14}** However, appellant's present counsel, upon her assignment to the case, reviewed the matter and thereafter filed a brief pursuant to *Anders v. California, infra*, asserting that she could find no error prejudicial to appellant for argument upon reopening. Appellate counsel included therein a conditional motion to withdraw.

**{¶15}** Counsel for appellant has thus submitted two potential assigned errors under *Anders* concerning appellant's aforementioned convictions:

**{¶16}** "I. APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO COUNSEL'S FAILURE TO CHALLENGE THE EVIDENCE AS TO WHETHER APPELLANT HAS A PRIOR CONVICTION TO SUPPORT HIS WEAPONS UNDER DISABILITY CONVICTION.

**{¶17}** "II. APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO COUNSEL'S FAILURE TO CHALLENGE TO [SIC] EXPERT TESTIMONY OF STEPHANIE LAUX FOR FAILURE TO COMPLY WITH CRIM.R. 16(K)."

**{¶18}** Appellant was given an opportunity to file a *pro se* brief raising additional potential assignments of error, and he has therein similarly asserted as follows:

**{¶19}** "III. APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO COUNSEL'S FAILURE TO CHALLENGE THE EVIDENCE AS TO WHETHER APPELLANT HAS A PRIOR CONVICTION TO SUPPORT HIS WEAPONS UNDER DISABILITY CONVICTION.

**{¶20}** "IV. APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO COUNSEL'S FAILURE TO CHALLENGE THE EXPERT TESTIMONY OF STEPHANIE LAUX FOR FAILURE TO COMPLY WITH CRIM.R. 16(K)."

**{¶21}** App.R. 26(B)(7) states in part that if an application to reopen is granted, "the case shall proceed as on an initial appeal in accordance with these rules except that the court may limit its review to those assignments of error and arguments not previously considered. ***." As noted in our recitation of facts, present appellate counsel has presented us with an *Anders* brief following our reopening of the appeal. In *Anders v.*

*California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the United States Supreme Court established the following five criteria: (1) A showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellant's counsel; (3) the existence of a brief filed by appellant's counsel raising any potential assignments of error; (4) a showing that appellant's counsel provided to the appellant a copy of said brief; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a *pro se* brief raising any additional assignments of error appellant believes the appellate court should address. *See State v. Jennings*, 5th Dist. Richland No. 98CA24, 1999 WL 547919.

{¶22} Pursuant to *Anders,* if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Once the defendant's counsel satisfies the aforesaid requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶23} We note appellant's counsel and appellant have both presented their potential assigned errors on the basis of claims of ineffective assistance of original appellate counsel. *See* App.R. 26(B)(7). We will herein interpret same as potential claims that (1) the trial counsel was ineffective in allowing the allegedly insufficient evidence utilized to show appellant has a prior conviction for purposes of the "weapons under

disability" count and that (2) trial counsel was ineffective in allowing the State's expert witness Stephanie Laux to testify, in light of Crim.R. 16(K).

**{¶24}** Although this case has unconventionally resulted in an App.R. 26(B) reopening followed by *Anders* proceedings, we initially find appellate counsel in this matter has adequately followed the procedures required by *Anders v. California*, *supra*.

I., III.

**{¶25}** We first turn to the merits of appellant's counsel's and appellant's aforesaid potential Assignments of Error ultimately going to the sufficiency of the evidence demonstrating appellant had committed a felony offense of violence for purposes of the charge of having a weapon under disability (R.C. 2923.13(A)(2)).

**{¶26}** In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶27}** R.C. 2945.75(B)(1) states as follows: "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."

**{¶28}** In other words, in order to prove the existence of a prior conviction for purposes of R.C. 2945.75(B), the State "must present both a certified copy of the prior judgment and evidence that the defendant named in the prior judgment is the defendant

in the case at bar." *State v. Lumpkin*, 10th Dist. Franklin No. 05AP–656, 2006-Ohio-1657, ¶ 11.

**{¶29}** During the testimony of Sgt. Stryker at appellant's trial, the State presented him on the stand with a State's exhibit he identified as a "certified copy through the Wayne County Common Pleas Court of a felony domestic violence charge for Matthew B. Umstead." Tr. at 140. Stryker also read the case number, 99CR0255, confirmed it was "signed and under seal," and responded in the affirmative that it reflected appellant had been "convicted of a felony Domestic Violence in that case." *Id.* Defense counsel did not cross-examine Stryker on this issue. The certified documents were later entered as Exhibit 29 without objection. Tr. at 241-242.

**{¶30}** Appellant, in his *pro se* brief, posits that the State relied upon identical names alone as a means of proving the prior conviction, in violation of the rule of *Lumpkin*. However, "[a]s trial courts often note, proof beyond a reasonable doubt does not mean proof beyond any doubt." *State v. Burgess,* 11th Dist. No. 2002-L-019, 2004-Ohio-3338, ¶ 37. We are guided on this issue by our decision in *State v. Marshall*, 5th Dist. Tuscarawas No. 2012 AP 11 0065, 2013-Ohio-2978. Similar to what occurred in the case *sub judice*, in *Marshall* the State utilized a police officer to testify at trial as to certified judgment entries demonstrating prior DUI convictions against the defendant, who likewise did not object to the testimony. We rejected the defendant's claim that there was insufficient evidence proving the prior convictions were actually against him, not someone else. In so ruling, we additionally referenced the language of R.C. 2945.75(B)(3) and recognized that the defendant "had the burden of proving the defect in the evidence by a preponderance of the evidence." *Id.* at ¶ 77.

**{¶31}** Accordingly, the proposed Assignments of Error as to the sufficiency of the evidence of appellant's prior conviction are overruled.

II., IV.

**{¶32}** We next turn to the merits of appellant's counsel's and appellant's aforesaid potential Assignments of Error claiming that trial counsel had been ineffective in failing to challenge the testimony of State's forensic chemistry expert Stephanie Laux in light of Crim.R 16(K).

**{¶33}** Crim.R. 16(K) states as follows: "**Expert Witnesses; Reports.** An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications. The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party. Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial."

**{¶34}** A review of the trial court file in the case *sub judice* reveals a supplemental discovery response by the State under case number 15CR106, filed January 12, 2016, stating that a BCI expert witness report and laboratory report had been delivered to defense counsel via an independent web portal.

**{¶35}** Despite this, in appellant's application to re-open, he asserted to this Court that "the record in this case shows that the State failed to provide defense counsel with a written report by Stephanie Laux which would have revealed what she was going to testify to at trial ***." Appellant's Application for Reopening, April 12, 2017, at 8.

**{¶36}** Appellant, in his *pro se* brief, now asserts that "he has not been able to locate any proof" that his defense counsel was actually provided with Laux's report on January 12, 2016. Brief of Appellant at 3.

**{¶37}** In determining a claim of ineffective assistance of trial counsel, our review is limited to the record before us. *See State v. Prophet*, 10th Dist. Franklin No. 14AP–875, 2015-Ohio-4997, ¶ 32. Having had the opportunity to more closely review the discovery aspects of the present case, we find no merit in the proposed assignments of error that counsel had been ineffective in failing to challenge Laux's expert testimony on the basis of the Crim.R 16(K) requirements.

### *Conclusion*

**{¶38}** Accordingly, all of the above proposed Assignments of Error are overruled, and, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims presently exist upon which to base further direct appeal.

**{¶39}** Therefore, despite our prior decision to allow re-opening, we find the present appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and again affirm the judgment of the trial court.

**{¶40}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Hoffman, J., concur.

JWW/d 1106