The STATE of Ohio, Appellee,

v.

BLANTON, Appellant.

[Cite as *State v. Blanton* (1997), 121 Ohio App.3d 162.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–97–07.

Decided July 17, 1997.

*Robert A. Beutler, Jr.*, for appellee.

*S. Michael Belcher*, Assistant Director of Law, for appellant.

HADLEY, Judge.

Defendant/appellant, James D. Blanton, appeals the judgment and sentence of the Findlay Municipal Court, Hancock County, following a jury's finding of guilty of violating R.C. 4511.19(A)(1), for driving while under the influence of alcohol or drugs.

Shortly after midnight on June 16, 1996 an off-duty corrections sergeant for the Hancock County Sheriff's Department was traveling with his family on County Road 7 in Hancock County, Ohio. The sergeant saw a car parked along the road with its hazard lights in operation. He exited his vehicle and approached the parked car. He saw three persons sleeping in the front seat of the car,[1] observed the keys in the ignition, and heard the radio playing. The engine was not running. The sergeant requested that his wife and children leave and call law enforcement for assistance. The sergeant remained at the car and

---

1. The car was a late model Bonneville with a bench front seat.

waited for law enforcement to arrive. No movement occurred in the car until another law enforcement officer arrived at the scene.

Blanton was one of the sleeping occupants of the car. Also present were a woman and another man, the owner of the vehicle. The evidence clearly established that the owner of the car was sleeping on the passenger side of the seat, closest to the passenger door. Blanton was sitting asleep on the seat in the area designated for the driver behind the steering wheel.[2] The woman was asleep between the two men.

After waking the occupants to the car, a deputy from the Hancock County Sheriff's Department learned that the car had been pulled off to the side of the road because it had overheated. Evidence introduced at trial suggested that the car's owner had driven the car to the location where it was parked.[3] The car had overheated due to a leaking radiator. The car's owner then left to try to find water to add to the radiator. He left the keys in the car's ignition. Blanton and the woman occupant remained in the car. Blanton testified that he ended up closest to the driver's seat after he and the woman occupant engaged in intercourse in the car while the car's owner was gone seeking water.

Blanton and the woman fell asleep. When the car's owner returned unsuccessful in his attempt to locate water, he also got into the front seat of the car on the passenger side and fell asleep. The sleeping arrangements did not change until the sergeant found the car parked along the road.

Blanton failed his field sobriety tests, and admitted that he was too intoxicated to drive, having drunk ten to twelve beers earlier that evening. He refused to allow law enforcement officers to administer the test to determine his breath-alcohol content. Blanton contends and the evidence suggests that he was not the driver of the car that evening. The deputy arrested Blanton for operating a motor vehicle while under the influence of alcohol or drugs, a violation of R.C. 4511.19(A)(1).

On February 27, 1997 a jury for the Findlay Municipal Court found Blanton guilty of violating R.C. 4511.19(A)(1). This appeal follows, with Blanton asserting three assignments of error.

Blanton's first assignment of error states:

---

2. At trial, the sergeant who first came upon the car, the arresting officer, the woman occupant of the car, and the other man occupant all testified that Blanton was sitting in the seat behind the steering wheel. The only remaining witness at trial, Blanton, testified that all three of the sleeping occupants were sitting on the passenger side of the seat.

3. The seating arrangement before the car overheated was as follows: Blanton was sitting in the passenger seat closest to the passenger door, the owner of the car was driving, and the woman passenger sat between the two men.

"The trial court erred to the substantial prejudice of the defendant-appellant by failing to strike a juror for cause after individual voir dire demonstrated the juror could not be fair and impartial, thus violating defendant-appellant's rights guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution."

■ Blanton contends that the trial court's failure to excuse a prospective juror for cause was in error. Therefore, Blanton argues that the trial court violated his constitutional rights by forcing him to exercise a peremptory challenge and exhausting all of his peremptory challenges before the court impaneled the jury.[4]

The prospective juror in the present case was a pilot who stated that he did not feel that drinking alcohol and operating any type of motor vehicle was permissible. The juror stated that he applied his beliefs to his own lifestyle, but that he had no preconceived feelings toward the defendant on the issue. Defense counsel attempted to have the prospective juror dismissed for cause, but the trial court denied the request. Defense counsel removed the prospective juror with one of his three peremptory strikes.

■ A trial court has broad discretion when impaneling a fair and impartial jury. *State v. Williams* (1983), 6 Ohio St.3d 281, 288, 6 OBR 345, 351, 452 N.E.2d 1323, 1331–1332, citing *State v. Wilson* (1972), 29 Ohio St.2d 203, 211, 58 O.O.2d 409, 413–414, 280 N.E.2d 915, 920–921. A trial court's determination will not be reversed on appeal absent an abuse of discretion. *State v. Williams*, 6 Ohio St.3d at 288, 6 OBR at 351, 452 N.E.2d at 1331–1332.

■ The "proper test to determine a juror's bias is 'whether the nature and strength of the opinion formed are such as in law necessarily to raise the presumption of partiality.'" *State v. Warner* (1990), 55 Ohio St.3d 31, 47, 564 N.E.2d 18, 34, quoting *Reynolds v. United States* (1878), 98 U.S. 145, 156, 25 L.Ed. 244. "Moreover, '[t]he affirmative of the issue is upon the challenger. Unless he shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside * * *.'" *Id.*, quoting *Reynolds v. United States*, 98 U.S. at 157, 25 L.Ed. 244. See, also, *State v. Willey* (1981), 5 Ohio App.3d 86, 89, 5 OBR 200, 202–203, 449 N.E.2d 471, 474–475.

---

4. "A defendant in a criminal case cannot complain of error in the overruling of a challenge for cause if such ruling does not force him to exhaust his peremptory challenges." *State v. Eaton* (1969), 19 Ohio St.2d 145, 48 O.O.2d 188, 249 N.E.2d 897, paragraph one of the syllabus, death penalty vacated (1972), 408 U.S. 935, 92 S.Ct. 2857, 33 L.Ed.2d 750.

The voir dire examination of the prospective juror in the present case initially revealed that he may have held a bias or been prejudiced against persons who drink alcohol and operate a motor vehicle. However, when defense counsel attempted to have the prospective juror removed for cause the judge further questioned the juror on his beliefs. The prospective juror clearly stated upon examination by the court that he applied his beliefs to his own lifestyle, and that he had no preconceived beliefs against others on the issue of consuming alcohol while operating a motor vehicle.[5]

We cannot find that the trial court abused its discretion in not excusing this juror for cause. The judge questioned the juror on whether his beliefs would affect his ability to be fair and impartial in this case, and the juror responded in the negative. The juror clearly stated that he could separate his beliefs held for his lifestyle from how others live and conduct themselves.

Blanton's first assignment of error is overruled.

In his second assignment of error Blanton contends:

"The trial court erred to the substantial prejudice of the defendant-appellant by allowing into evidence an oral statement made by the defendant-appellant to the police that was not provided by the state pursuant to Criminal Rule 16."

Blanton argues that the trial court erred by permitting into evidence a statement Blanton made shortly after his arrest in which he admitted smoking marijuana only hours earlier. Blanton contends that he was not provided with a copy of the statement during the discovery process and, therefore, that its admission into evidence was impermissible due to the violation of Crim.R. 16(B)(1)(a)(ii).

During the direct examination of the arresting officer, the state elicited from the officer that he had overheard Blanton admit to smoking marijuana earlier in the evening. Defense counsel objected on the grounds of relevancy, and the trial court overruled the objection on that ground.

---

5. The following is the exchange between the prospective juror and the court:
"Juror: I don't feel that its such a strong feeling that I'd have any problem separating the facts, as far as I do not have preconceived—
"Court: Its not going to seep or bleed into your ability—
"Juror: No, no.
"Court: —to be fair and impartial?
"Juror: As I said, I, you know, have my own feelings on these subjects, and what I view for myself is one thing. I can't tell anybody else how to live or conduct themselves. And I have no preconceived feelings on this case against Mr. Blanton or Mr. Belcher [defense counsel] * * *."

■ Assuming that the state did not comply with Crim.R. 16(B)(1)(a)(ii) regarding production of written summaries of oral statements, we cannot find that the trial court erred. First, the defense counsel failed to properly preserve the issue for appeal by not objecting on the grounds of hearsay or that the state had failed to comply with the discovery rules. Therefore, we must review this assigned error under the plain error standard. See Crim.R. 52.

■ We find that any error made (and we feel that no error was made) was harmless. The issue of intoxication was not in dispute at trial. Defense counsel stated numerous times throughout the trial that Blanton admitted he was too intoxicated to drive a motor vehicle. The issue in dispute at trial was operation: whether Blanton was the operator of the vehicle. Intoxication by alcohol or a drug of abuse was not disputed, but remained relevant because intoxication is a element that must be proven beyond a reasonable doubt.

Therefore, Blanton's second assignment of error is overruled.

In his final assignment of error Blanton contends:

"The trial court erred by entering a judgment of conviction on the charge of operating a motor vehicle while under the influence, when the evidence was insufficient to sustain a conviction on the element of operation and the conviction was not supported by the manifest weight of the evidence."

■ "Operation of a motor vehicle within the contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1)." *State v. Cleary* (1986), 22 Ohio St.3d 198, 199, 22 OBR 351, 352, 490 N.E.2d 574, 575. Operation includes the situation where "[a]n intoxicated person * * * is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition" with the motor running. *State v. McGlone* (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115, syllabus. Operation also encompasses the situation where an occupant is sleeping in the driver's seat of a motor vehicle, the keys are in the ignition, but the motor is not running. *State v. Gill* (1994), 70 Ohio St.3d 150, 637 N.E.2d 897, syllabus. The key factor to determining whether a person is in operation of a motor vehicle is whether the person has the potential to move the vehicle. *State v. Barger* (1992), 78 Ohio App.3d 451, 605 N.E.2d 409. The "clear purpose of R.C. 4511.19 is to discourage persons from putting themselves in the position in which they can potentially cause the movement of a motor vehicle while intoxicated or under the influence of any drug of abuse." *State v. Gill,* 70 Ohio St.3d at 154, 637 N.E.2d at 900.

In the present case, Blanton contends that the evidence was insufficient to sustain a conviction on the charge of operating a motor vehicle while under the influence of alcohol or drugs when the manifest weight of the evidence failed to establish that he was in operation of the vehicle. Specifically, Blanton contends that he was not asleep in the driver's seat. Rather, he argues that, although he was the closest occupant to the driver's seat, all three occupants were asleep next to one another on the passenger side of the vehicle with an armrest dividing the driver's and passengers' seat areas. Blanton does not argue on appeal whether the keys were in the ignition or whether the radio was playing in the car.

"[I]n deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390, 678 N.E.2d 541, 549 (Cook, J., concurring); see *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

Five witnesses testified in the present case. Two witnesses were law enforcement officers at the scene of the parked car and saw the occupants sleeping in the car. The other three witnesses were the occupants of the car. Every witness except for Blanton testified that Blanton was asleep in the driver's seat of the car. The evidence in the case clearly establishes that Blanton was sleeping in the driver's seat of the car. The state carried its burden of persuasion. Blanton's final assignment of error is overruled.

The judgment of the Findlay Municipal Court is affirmed.

*Judgment affirmed.*

EVANS, P.J., and SHAW, J., concur.