[Cite as *State v. Marshall*, 2013-Ohio-2978.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2012 AP 11 0065 |
| JEFF L. MARSHALL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Tuscarawas County Court
of Common Pleas, Case No.
2011 CR 12 0290

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    July 9, 2013

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

RYAN STYER    GERALD A. LATANICH
Tuscarawas County Prosecutor    Tuscarawas County Public Defender Office
R. SCOTT DEEDRICK    153 North Broadway
Assistant County Prosecutor    New Philadelphia, Ohio 44663
for Tuscarawas County
125 East High Avenue
New Philadelphia, Ohio 44663

*Hoffman, P.J.*

{¶1} Defendant-appellant Jeff L. Marshall appeals his conviction entered by the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On December 13, 2012, Appellant was indicted on two counts of felony OVI, in violation of R.C. 4511.19; one count of failure to stop after an accident on public roads or highways, in violation of R.C. 4549.02; and one count of possession of drugs, in violation of R.C. 2925.11.

{¶3} Following a jury trial, Appellant was found guilty of all the charged offenses. The trial court entered convictions based on the jury's verdict and sentenced Appellant to a mandatory term in the Ohio Department of Corrections, and to complete a program at a community based correctional facility.

{¶4} Appellant now appeals, assigning as error:

{¶5} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, BY DENYING THE APPELLANT A FAIR TRIAL UNDER THE 6[TH] AND 14[TH] AMENDMENT, WHEN IT REFUSED TO REMOVE A POTENTIAL JUROR FOR CAUSE WHEN REQUESTED BY THE APPELLANT.

{¶6} "II. THERE WAS INSUFFICIENT EVIDENCE AT TRIAL TO ESTABLISH THAT THE APPELLANT WAS THE PERSON NAMED IN THE FIVE PRIOR OVI CONVICTIONS, THIS VIOLATES THE 14[TH] AMENDMENT DUE PROCESS CLAUSE."

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

I.

{¶7} In the first assignment of error, Appellant maintains the trial court erred in denying his request to remove a juror for cause. Specifically, Appellant asserts during voir dire, Juror Hart indicated she would not follow the law and was biased; therefore, should have been removed for cause.

{¶8} Appellant cites R.C. 2945.25. The statute reads,

{¶9} "A person called as a juror in a criminal case may be challenged for the following causes:" * * *

{¶10} "(B) That he is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial;"

{¶11} The ultimate question is whether the juror swore he could set aside any opinion he might hold and decide the case on the evidence, and whether the juror's protestation of impartiality should be believed. *State v. Perez* (2009), 124 Ohio St.3d 122. The proper test to determine a juror's bias is "whether the nature and strength of the opinion formed are such as in law necessarily to raise the presumption of partiality." *State v. Blanton* (1997), 121 Ohio App.3d 162. The burden is on the challenger. Id. Unless it is shown the juror actually has such an opinion, in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside. Id.; *State*

*v. Wiley* (1981), 5 Ohio App.3d 86. The trial court's determination cannot be overruled absent an abuse of discretion. *State v. Wilson* (1972), 29 Ohio St.2d 203.

**{¶12}** Appellant claims the trial court abused its discretion in not excusing Juror Hart for cause. Counsel for Appellant asked the prospective jurors whether the allegation of five prior OVI convictions caused them major concerns. The following exchange occurred on the record during voir dire,

**{¶13}** "The Court: Mr. Cooke, I'm just going to go ahead and interject for everybody here. The, the facts are going to be presented about what happened on a specific day and so part of the elements of what happened on that specific day, and unfortunately I don't have them committed to memory, but would be, you know, on this day and this time that the elements of a, of a operating a vehicle under the influence occurred and, and that would have something to do with the impairment and, and operating a vehicle. But another part of that that raises it to the, the level that it is would be that the State would have to put forth some evidence to show that there were those prior convictions. Mr. Latanich is phrasing it as an alleged priors because he doesn't have to prove it, they do. And so that, that would be an element that, that raises the seriousness of the offense. But it doesn't change the fact that the first thing you look at is whether or not on that day these certain things occurred. And so I don't know if that clarifies it, I mean for some of the people that are struggling with the idea that, that there are some priors, the first thing you have to look at though is whether or not the offense occurred on this day. And then, if you find that it, that the State proved it, then you would go on to determine whether or not the State also proved that there were priors. And that has to do with enhancing or, or elevating the level of the offense. Okay.

**{¶14}** "Mr. Latanich: Answered your questions?

**{¶15}** "Juror: Yeah.

**{¶16}** "Mr. Latanich: Okay.  Ms. Hart, I believed you raised your hand.

**{¶17}** "Juror: Yes.

**{¶18}** "Mr. Latanich: Okay. Does the fact that they're alleging five prior convictions, does that lessen the burden of proof in this case in your mind?

**{¶19}** "Juror: I hate to say it but yes, because to me it just sounds like a pattern of problems.

**{¶20}** "Mr. Latanich: Is there any way how you could put that out of your mind and, and once again just look at the evidence initially for whether he was under the influence and then look at the evidence as to whether or not there's five prior convictions?

**{¶21}** "Juror: Well I could try to, but it would still be in the back of my mind, all of the previous.

**{¶22}** "Mr. Latanich: So you think the burden of proof then is, is lessened in this case for Jeff in your mind?

**{¶23}** "Juror: I hate to say it, but yes.

**{¶24}** "* * *

**{¶25}** "The Court: I'm going to interrupt one more time because, as far as stating how much credibility you would give someone's testimony, your instructions from me at the end would be that you simply weigh the testimony of everybody regardless of whether they're under oath.  It's still up to the jury to decide what testimony to believe and what not to believe.  And my instruction would be that you should give the

Defendant the same attention that you would any other witness, that you would weigh the credibility of the Defendant in the same way that you would weigh the credibility of any other witness. And so, I think the question right now is, as you sit here today, if I, and go ahead and correct me Mr. Latanich if I'm wrong, but you were just asking as, as they sit today, would you not believe anything he said if he testified.

**{¶26}** "* * *

**{¶27}** "The Court: Okay, alright. That's what I needed to know. And there were, I was trying to keep up with keeping notes on different answers to some of the questions asked, but I, I think I, need some clarification mainly from Mr. Maurer and Ms. Hart. As, some of the questions started to come up on being able to present, give, give the Defendant a fair trial, presume him innocent, give his testimony the same kind of review that you would give any other testimony. So, during that whole line of questioning, somewhere in there I, I lost track of where you stand so, Again, I've already mentioned that my instruction ultimately would be that any witness who's placed on the, under oath to give testimony, their credibility or the weight that you give that testimony is still entirely up to the jury. And so, whether they're in uniform, whether they're, you know, the fact that they're under oath, you still have to use the, the tests of credibility that we all use in our lives and, and weigh that testimony yourself. Would you be able to give, weigh the testimony of the Defendant just as you would anyone else in light of everything that you've heard so far? I guess I'll ask Ms. Hart first.

**{¶28}** "Juror: I, I am not, how do I want to say it, I don't like to say someone's guilty unless I know they're guilty - -

**{¶29}** "The Court: Uh, hm.

**{¶30}** "Juror: - - so it would depend, like you say, on the evidence.

**{¶31}** "The Court: Okay.

**{¶32}** "Juror: I would do my best but what I was trying to say, it just seemed like if he had that many things against him, it just seems like it's a pattern of problems with it. That's, that's my opinion.

**{¶33}** "The Court: Uh, hm. The, well and, and what we, what we would be asking, what we are asking is that you reserve any judgment about guilty, or not, being not guilty or not guilty until you hear all of the evidence.

**{¶34}** "Juror: Right.

**{¶35}** "The Court: And what we don't want is somebody to sit here right now and say, well he's guilty until he shows me he's innocent. Because that's not the way our system works, you know, right now he is innocent until the State proves that he is guilty beyond a reasonable doubt and they would have to prove all of those elements. Mr. Marshall has the option of not testifying at all, and because all of the burden is on the State of Ohio to prove him guilty and so, you know, if he, if he doesn't, and my other instruction would be that if he does not testify, you, you also cannot consider that for any purpose. And so I only had a note of, on the issue of credibility with you was, was kind of where I had caught that.

**{¶36}** "Juror: Uh, hm.

**{¶37}** "The Court: But, you know, overall do you think that you could listen to the facts of this case, this particular day and this incident, and determine whether the State proved all of the evidence beyond a reasonable doubt?

**{¶38}** "Juror: I would say yeah, I mean, the way I look at it, if there's enough evidence against him - -

**{¶39}** "The Court: Uh, hm.

**{¶40}** "Juror: - - then in my eyes I would say he's guilty.  If there's enough evidence."

**{¶41}** Tr. at 74-76; 78; 86-88.

**{¶42}** In light of the above, we find the trial court did not abuse its discretion in denying Appellant's request to remove the juror for cause.

**{¶43}** The first assignment of error is overruled.

II.

**{¶44}** In the second assignment of error, Appellant maintains his conviction is against the sufficiency of the evidence.

**{¶45}** Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.;* see also *McDaniel v. Brown,* 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry,* 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶ 146; *State v. Clay,* 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶ 68.

**{¶46}** In the case sub judice, Appellant maintains there was insufficient evidence before the jury upon which they could have found the five prior convictions for driving under the influence of alcohol were against Appellant.

**{¶47}** R.C. 2945.75(B)(1) reads in pertinent part,

**{¶48}** "(B)(1) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.

**{¶49}** "(2) Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. The accused may offer evidence to rebut the prima-facie evidence of the accused's identity and the evidence of prior convictions. Proof of a prior conviction of an offense for which the registrar maintains a record may also be proved as provided in division (B)(1) of this section.

**{¶50}** "(3) If the defendant claims a constitutional defect in any prior conviction, the defendant has the burden of proving the defect by a preponderance of the evidence."

**{¶51}** Captain Shawn Nelson of the New Philadelphia Police Department testified at trial herein,

**{¶52}** "Q. Captain, I'm going to hand you what's been marked as State's Exhibits I through M and have you take a look.

{¶53} "Mr. Deedrick: I'd like the record to reflect that these were shown to counsel for the Defendant and had previously been provided in discovery.

{¶54} "Q. Do you recognize these documents?

{¶55} "Yeah, these are what I would say, describe as certified Court records showing prior convictions of OVI and they, each one has Jeff Marshall as the Defendant with a date of birth of nine twenty-one seventy. Yeah, they're all, Mr. Marshall is the Defendant and I can read the dates if you want me to read them into the record.

{¶56} "Q. Um, just if you could read the case numbers, um, and the dates, the file stamped dates.

{¶57} "A. I'm not sure if I'll be able to do the case numbers completely here, hold on. I'll start with this one. This is a traffic slash criminal case from o-four, TRC 0400066A-B and criminal case 0400019A-C.

{¶58} "Q. What number is that, or letter exhibit? Turn it over. '

{¶59} "A. I'm sorry, that's L.

{¶60} "Q. Okay.

{¶61} "A. This one's going to be a K. It's traffic case 9008488A,9608488, 9608488C, B and D, it looks like they're all the same numbers, they did it differently back then apparently. And again, Mr. Marshall and it's Exhibit K. Do you want me to continue?

{¶62} "Q. Go ahead.

{¶63} "A. This is case number 2005CRA699 and that's Exhibit M. And this one is 49-90-TRC-9083 and 9092 and 9-90 criminal case 1348, 1349 and 1350 and that's Exhibit I. and case Number 9500003A-E and that's Exhibit J.

**{¶64}** "Q. And these are certified copies of judgment entries from various Courts?

**{¶65}** "A. Yes sir.

**{¶66}** "Q. Okay. And they are versus Jeff Marshall, is that the Defendant in this case?

**{¶67}** "A. Yes sir.

**{¶68}** "Q. And are these then five convictions for driving under the influence of alcohol against the Defendant?

**{¶69}** "A. I see 4511.19(A) on this one so - -

**{¶70}** "Q. What code section is that to you?

**{¶71}** "A. 4511, uh, there's two, two sections that cover OVI, and one's municipal which is the 333.01(A)(1) which that is, we don't use that any more, we go under state. And the only reason we use the state now as opposed, there's no difference, except for if they go to jail for it, the city has to pay for their jail time if you use the city code and we're poor. So we put it under state code and the state picks up the bill. And this one is actually the 333.01(A)(1) so that would also be OVI. This is a 4511.19(A) which is, as I stated, OVI, 4511.19(A)(1) and 4511.19(A)(1) also on this one also.

**{¶72}** "Q. So all five of those exhibits deal with a conviction for driving under the influence of alcohol, either under the village or state statute?

**{¶73}** "A. Correct.

**{¶74}** "Q. And they're all against Mr. Marshall, the Defendant in this case.

**{¶75}** "A. Yes sir."

**{¶76}** Tr. at 405-407.

**{¶77}** As set forth above, Captain Nelson testified at trial as two five prior certified judgment entries exchanged during discovery. He testified all five were convictions against Appellant. Appellant did not object to the testimony. As set forth in R.C. 2945.75(B) above, Appellant had the burden of proving the defect in the evidence by a preponderance of the evidence.

**{¶78}** The second assignment of error is overruled.

**{¶79}** Appellant's conviction in the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEFF L. MARSHALL | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2012 AP 11 0065 |

For the reasons stated in our accompanying Opinion, Appellant's convictions in the Tuscarawas County Court of Common Pleas is affirmed. Costs to Appellant.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY